**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Calvin Leslie,

Plaintiff,

vs.

Walter Lopez, et al.,

Defendants.

Case No. 2:25-cv-01702-MMD-MDC

**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 35)**

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 35) ("Motion"). The pro se plaintiff did not file a response to the Motion. Ordinarily, pursuant to LR 7-2(d), the failure of an opposing party to file a response to a motion constitutes a consent. However, given the plaintiff's pro se status, the Court reviews the Motion on the merits, but cautions the plaintiff that failure to file a response in the future may constitute automatic consent. The Court **GRANTS** the Motion on the merits.

## I. MOTION TO STAY DISCOVERY

### A. Legal Standard

Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered

to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).

The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

**B. Analysis**

This is a prisoner civil rights case. *ECF No. 19*. Plaintiff brings Fourth Amendment claims arising from alleged arrests and searches involving defendant police officers Ortega and Lopez. *Id*. Defendants move to stay discovery pending resolution of their motion to dismiss (ECF No. 30), which argues that all remaining claims are time-barred and that the claim against Lopez is barred by claim preclusion. *ECF No. 35 at 2, citing to ECF No. 30*. Defendants also argue that plaintiff filed an opposition to the motion to dismiss (ECF No. 33) which confirms the relevant dates in his Complaint. *Id at 3*. As noted, plaintiff did not file an opposition to the instant motion.

Defendants argue the motion to dismiss is potentially dispositive and can be decided without discovery. *Id.* Reviewing the defendant's request to stay discovery in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery. Applying the pragmatic approach, the Court finds that the pending motions to dismiss can be decided without additional discovery and that good cause supports a stay to promote efficiency and reduce expenses. The plaintiff does not oppose, and it does not appear that he needs discovery to defeat the motions to dismiss. The defendants, on the other hand, would be prejudiced if discovery commenced now because their

motion to dismiss is directed to threshold legal issues that turn on the pleadings and prior rulings. It is early in the case and it would be more efficient to resolve these issues now, if possible.

The pending motion to dismiss can be decided without discovery. Allowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss. The Court finds staying discovery is appropriate in this case.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 35) is **GRANTED.**
2. Discovery in this matter is **STAYED** pending resolution of defendants' motion to dismiss (ECF No. 30).
3. If claims remain after the Court resolves the motion to dismiss, within two weeks of the entry of the Court's order(s), the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.

Dated: September 1, 2026.

______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge